# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| LaCinta Barnslater, Individually and as next friend of the minor M.B., ) ) ) Plaintiffs, ) ) v. ) ) The Village of Plainfield, and Unknown ) Plainfield Police Officers ) ) Defendants. ) | Case No.: 21-cv-4218<br><br>COMPLAINT FOR VIOLATION OF CIVIL RIGHTS<br><br><br><br><br><br>**JURY DEMANDED** |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff LaCinta Barnslater ("Barnslater") was and is a citizen of the United States and was within the jurisdiction of this court.

4. Barnslater is the mother and a custodial parent of the minor M.B.

5. At all times herein mentioned, Plaintiff M.B. was a minor born in 2004, was and is a citizen of the United States, and was within the jurisdiction of this court. LaCinta Barnslater is acting as her next friend.

6. At all times herein mentioned currently unknown officers ("unknown officers") employed by the Plainfield Police Department as police officers were acting under color of state law and as the employees, agents, or representatives of the Plainfield Police Department. Upon learning their names Plaintiff will seek leave to amend their complaint to allege the names of these officers.

7. At all times herein mentioned, the Village of Plainfield was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the Village of Plainfield maintained, managed, and/or operated the Plainfield Police Department. At all relevant times the Village of Plainfield was the employer of Unknown Officers.

## FACTUAL ALLEGATIONS

8. On or about June 2, 2021, Plaintiffs were traveling in a vehicle lawfully located in a public place, at or near 25820 W. 143rd St., Village of Plainfield, County of Will, State of Illinois.

9. At that time and place unknown officers seized Plaintiffs by initiating a traffic stop, and ordering Plaintiffs out of their vehicle at gun point.

10. Both Plaintiffs were placed in handcuffs and M.B. was subjected to a pat down search by a male police officer. Unknown officers conducted a search of Plaintiffs' vehicle without consent or legal cause to conduct the search.

11. There was no legal cause for unknown officers to seize Plaintiffs.

12. Unknown officers did not possess a warrant authorizing the seizure of either Plaintiff or their vehicle.

13. Unknown officers did not have consent to search or seize Plaintiffs or their vehicle.

14. Plaintiffs were eventually released from police custody without being charged with any crime.

15. By reason of the above-described acts and omissions of unknown officers, Plaintiffs sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to their damage in an amount to be ascertained.

16. The aforementioned acts of unknown officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

17. By reason of the above-described acts and omissions of unknown officers, Plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in the within action so that they might vindicate the loss and impairment of their rights. By reason thereof, Plaintiffs request payment by Defendants, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### Plaintiffs Against Unknown Officers For
### UNLAWFUL SEARCH AND SEIZURE

18. Plaintiffs hereby incorporate and reallege paragraphs one (1) through seventeen (17) hereat as though fully set forth at this place.

19. By reason of unknown officers' conduct, Plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and/or Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

20. Unknown officers' search and seizure of Plaintiffs was in violation of Plaintiffs' Constitutional Rights and not authorized by law. These acts were in violation of Plaintiffs' Fourth and/or Fourteenth Amendment rights. Therefore, Defendants are liable to Plaintiffs pursuant to 42 U.S.C. § 1983

## COUNT II
### Plaintiffs against Unknown Officers and the
### Village of Plainfield for
### False Arrest

21. Plaintiffs hereby incorporate and reallege paragraphs one (1) through seventeen (17) hereat as though fully alleged at this place.

22. Unknown officers committed the tort of false arrest when they seized and handcuffed Plaintiffs at gunpoint without reasonable grounds to believe either Plaintiff had committed any criminal offense.

23. The Village of Plainfield is liable to Plaintiffs for the acts of unknown officers pursuant to the doctrine of *respondeat superior*.

24. As a result of these acts and/or omissions Plaintiffs were damaged, and unknown officers and the Village of Plainfield are all liable under the supplemental state law claim of false arrest.

## COUNT III
### INDEMNIFICATION PURSUANT TO 745 ILCS 10/9-102
### AGAINST DEFENDANT VILLAGE OF PLAINFIELD

25. Plaintiffs re-allege and incorporate the allegations of paragraphs 1 through twenty-four (24) hereat as though fully set forth at this place.

26. The acts of unknown officers were committed in the scope of their employment with the Defendant Village of Plainfield.

27. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-402, Defendant Village of Plainfield is liable for any judgments for compensatory damages in this case arising from the actions of unknown officers.

WHEREFORE, the Plaintiffs, by and through their attorneys, ED FOX & ASSOCIATES, request judgment against the Defendants as follows:

1. That the Defendants be required to pay Plaintiffs' general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiffs' special damages;

3. That the Defendants be required to pay Plaintiffs' attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than the Village of Plainfield be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiffs' costs of the suit herein incurred; and

6. That Plaintiffs have such other and further relief as this Court may deem just and proper.


BY: s/Garrett Browne

ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiffs
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efox-law.com

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY**

BY: s/Garrett Browne

ED FOX & ASSOCIATES
Attorneys for Plaintiffs
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efox-law.com